```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

LARRY MADDOX,                  }
                               }
     Plaintiff                 }
                               }    CIVIL ACTION NO.
WALTER MADDOX, ET AL.,         }
                               }    98-AR-0122-S
     Plaintiffs-Intervenors    }
                               }
     vs.                       }
                               }
SHELBY COUNTY BOARD OF         }
EDUCATION, ET AL.,             }
                               }
     Defendants                }

FILED 98 JAN 27 PM 4:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED JAN 27 1998

## MEMORANDUM OPINION

The court today heard several matters presented in the above-entitled cause. First, the motion of Richard Maddox, Lynn Maddox, Walter Maddox and Virginia Maddox for leave to intervene as plaintiffs was orally granted, and their First Amended Complaint was deemed filed. Second, the motion to dismiss earlier filed by defendants was deemed addressed both to the complaint of Larry Maddox, the original plaintiff, and to the amended complaint of the intervening plaintiffs. The said motion to dismiss was orally amended to raise the doctrine of laches and the doctrine of abstention as absolute defenses appearing on the face of the amended complaint. The court heard both the motion to dismiss and the simultaneous, overlapping applications for temporary

restraining order and for preliminary injunction. The court was unaware of a motion for attorneys fees and litigation expenses filed by plaintiff, Larry Maddox, until the oral hearing had been concluded. The said motion is so devoid of colorable merit that it will be peremptorily denied.

Although the court has severe doubts about its jurisdiction to entertain any of plaintiffs' prayers for relief, the reason for setting the matter for hearing on an expedited basis was to accommodate the parties' need to know whether defendant, Shelby County Board of Education, will be allowed to proceed with its plans to construct on schedule a high school on real property owned or formerly owned by plaintiffs and whether the parties will be allowed to proceed to trial as scheduled on February 2, 1998, in the Circuit Court of Shelby County, Alabama, in the condemnation action by which the Shelby County Board of Education has already ostensibly acquired title to plaintiffs' said real property and in which the fair market value or just compensation will be determined. In other words, it is more important both to plaintiffs and to defendants to learn immediately whether this court will grant a temporary restraining order and/or a preliminary injunction (and if so, the amount of an injunction bond) than to know this court's ultimate answer to the serious jurisdictional question. Logically, if this court lacks jurisdiction, it cannot grant plaintiffs any relief, but it can deny relief without

prejudice to the rights of the parties or the right later to decide the jurisdictional question after more thorough consideration. This may be more of a practical approach than a logical approach. It could not be the approach if this court had reason to grant injunctive relief. It is available because there are at least three reasons why no temporary or injunctive relief will be granted. Those reasons are these:

1. The court cannot make the requisite finding for granting a preliminary injunction that plaintiffs enjoy a likelihood of success on the merits. To the contrary, the likelihood of success for plaintiffs appears to the court to be slim. For instance, plaintiffs here presented such little evidence in support of their allegations of a violation of the Endangered Species Act (and no evidence in support of their allegations of constitutional violations) that it was embarrassing. It made the court wonder if counsel considered the full implications of Rule 11, F.R.Civ.P., while drafting the complaint.

2. The public interest in the school board's being allowed to proceed expeditiously with the construction of its proposed high school is substantial and could be severely adversely impacted by the issuance of the requested injunction. *See Piedmont Heights Civil Club v. Moreland*, 637 F.2d 430 (5th Cir. 1981), holding that a preliminary injunction was properly denied when plaintiff's potential harm was outweighed by the harm caused to the public by

3

traffic and safety hazards on overcrowded highways, even though plaintiffs were alleging non-compliance with environmental laws.

   3.   The relative hardships that would result from the issuance of an injunction here weigh in favor of defendants who would probably suffer more substantial injury from the granting of an injunction than plaintiffs would sustain by the denying of an injunction. See *Yakus v. United States*, 321 U.S. 414, 64 S. Ct. 660 (1943).

   4.   The fourth requirement recognized by the Eleventh Circuit as part of plaintiffs' burden of persuasion, namely, that they will suffer irreparable injury absent an injunction, may have been met in this case, but plaintiffs have the burden of proving <u>all four factors</u>. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983).

   The court keeps under advisement defendants' motion to dismiss and will rule upon it in due course. Meanwhile, however, plaintiffs' applications for temporary restraining order and for preliminary injunction will be denied by separate order.

   DONE this 27th day of January, 1998.

                                    _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE