FILED

98 FEB -2 PM 2: 59

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 2 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY MADDOX, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| WALTER MADDOX, | } |
| | } CV-98-AR-0122-S |
| Plaintiffs-Intervenors, | } |
| vs. | } |
| SHELBY COUNTY BOARD OF EDUCATION, et al., | } |
| Defendants. | } |

**MEMORANDUM OPINION**

The motion of defendants, Shelby County Board of Education, Trey Ireland, Alan Fulton, Bill Sparks, Evan Major, Robert Dow, Cindy Forster, Steve Martin, Donna Morris, and Lee Doebler (collectively the "Board"), to dismiss the above-entitled action was granted on January 30, 1998. The court now shares its rationale with the parties.

Plaintiff, Larry Maddox, and plaintiffs-intervenors, Richard Maddox, Lynn Maddox, Walter Maddox, and Virginia Maddox (collectively "the Maddoxes"), owners and/or occupiers of the 42.5 acres at issue in this action, allege that, in exercising its power of eminent domain, the Board violated the Endangered Species Act of 1973 ("ESA"), 16 U.S.C. § 1530 *et seq.*, 42 U.S.C. § 1983 ("§ 1983"), the Takings Clause of the Fifth Amendment, the

Equal Protection Clause of the Fourteenth Amendment, and plaintiffs' procedural and substantive due process rights. In addition, the Maddoxes allege a number of claims under Alabama law, including breach of contract, conversion, and defamation. For the reasons set out more fully below, the court determined that all of the Maddoxes' claims against the Board were due to be dismissed.

## I. Discussion

### A. *The Endangered Species Act Claim*

The Board condemned the Maddoxes' real property with the intention of using the site as the location for a new high school in Shelby County. The Maddoxes alleged that the Board's effort violates the Endangered Species Act of 1973, 16 U.S.C. § 1530 *et seq.* ("ESA"), because the property appears to be habitat for an endangered species of plant and animal, namely, the pitcher plant and the red cockaded woodpecker. Without conceding that the Maddoxes property does, in fact, qualify as a habitat for either species, the Board argued that the Maddoxes' ESA claim should be dismissed because there is no showing of full compliance with the notice requirements for bringing a claim pursuant to that statute. The Board's argument was well taken.

Except in certain circumstances that do not apply in this

case, the ESA requires that a plaintiff give notice of his intent to sue **both** to the alleged violator **and** to the Secretary of the Interior at least sixty (60) days prior to the filing of any lawsuit. 16 U.S.C. § 1540(g)(2)(A) (1985). The purpose of this requirement is to preclude the need for costly litigation by giving the alleged violator time within which to comply with the ESA. As the Board correctly observed, this notice requirement is jurisdictional, and failure to comply with it fully mandates the dismissal of claims brought pursuant to the ESA. See Hallstrom v. Tillamook County, 493 U.S. 20, 26-28, 110 S.Ct. 304, 308-10 (1989) (addressing similar notice provision under Resource Conservation and Recovery Act). Consequently, even if the court were to accept the Maddoxes' assertion that they gave sufficient "notice" when they allegedly informed the Board in or about 1994 that both the pitcher plant and the red-cockaded woodpecker were present on their property, it still could not overlook the fact that their pleadings did not contain any allegation, or even the barest suggestion, that they afforded the Secretary of the Interior similar notice, either then or at any other time. Absent this allegation, the Maddoxes's complaint failed to contain an essential jurisdictional prerequisite of the purported ESA claim and was due to be dismissed with respect to said claim. See e.g., Hawksbill Sea Turtle v. Fed. Em. Management Agency, 126

3

F.3d 461 (3d Cir. 1997) (requiring strict compliance with ESA notice requirement); <u>American Rivers v. Nat'l Marine Fisheries Service</u>, 126 F.3d 1118 (9th Cir. 1997) (same); <u>Marbled Murrelet v. Babbit</u>, 83 F.3d 1068 (9th Cir. 1996 ) (same). In short, the complaint might be described as half-cockaded insofar as it attempted to invoke the ESA.

### B. *The Takings Clause and § 1983 Claims*

The Maddoxes next alleged that the Board's actions violated the right to just compensation guaranteed by the Takings Clause of the Fifth Amendment. However, it is well settled that:

> [a] Takings Clause claim does not become ripe unless the state provides no remedy to compensate the landowner for the taking. A property owner cannot claim a violation of the [Takings] Clause unless the state provides the landowner no procedure (such as an action for inverse condemnation) for obtaining just compensation.

<u>Bickerstaff Clay Prod. Co., Inc. v. Harris County</u>, 89 F.3d 1481, 1490-91 (11th Cir. 1996) (citing <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121 (1985)). In the instant case, it was clear from the face of the complaint that the Maddoxes are being afforded a plethora of procedural opportunities to ensure that they receive just compensation. For example, plaintiffs have taken an appeal of the Probate Court's order of condemnation to the Circuit Court of Shelby County. Until the Maddoxes exhaust all procedures under

4

Alabama law for obtaining just compensation, this court lacks subject matter jurisdiction over their Takings Clause claim. Eide v. Sarasota County, 895 F.2d 1326, 1328-29 (11th Cir. 1990). Accordingly, it was due to be dismissed. This same rationale applied with equal force to the Maddoxes' § 1983 claim. Henley v. Herring, 779 F.2d 1553, 1555 (11th Cir. 1986) (explaining that Williamson County requires plaintiff to exhaust state procedure for obtaining just compensation before bringing § 1983 claim in federal court).

### C. The Equal Protection and Due Process Claims

The Maddoxes also alleged that the Board's actions violated the Equal Protection Clause and their procedural and substantive due process rights. The Board argues that "there is no need or basis for this court to consider matters which are now properly before the Circuit Court of Shelby County in the appeal plaintiff filed." Defs. Motion to Dismiss at 7. In essence, the Board asked this court to abstain from exercising any possible jurisdiction it may have over the Maddoxes' equal protection and due process claims because the previously initiated state court action will or can be made to address the concerns raised by those claims. The Board's argument was well taken.

It is well settled in this circuit that courts may abstain from deciding disputes involving the exercise of eminent domain

where there are concurrent state court proceedings. Henley 779 F.2d at 1556; Fountain v. MARTA, 678 F.2d 1038, 1046 (11th Cir. 1982). Likewise, the interests of comity and federalism direct the federal courts to abstain from exercising jurisdiction whenever federal claims have been or could be presented in previously filed and ongoing state proceedings. Hawaii Hous. Auth. v. Midkiff, 104 S.Ct. 2321, 2327-28 (1984). In the instant case, the Maddoxes initiated state court proceedings well before any proceedings of substance on the merits of their case took place in federal court. Moreover, it was clear that the application of state law in deciding the appeal pending before the Circuit Court of Shelby County very well may moot the constitutional claims raised here and make any opinion rendered by this court merely advisory. Therefore, out of respect for comity, federalism, and judicial economy, the court elected to abstain from adjudicating the Maddoxes' equal protection and due process claims prior to the resolution of their appeal in state court. Accordingly, those said claims were due to be dismissed.

### D. The State Law Claims

As noted above, in addition to the claims already discussed, the Maddoxes alleged a number of claims under Alabama law against the Board. These claims included, *inter alia*, promissory estoppel, civil conspiracy, defamation, outrage, detrimental

6

reliance, false light, tortious interference with contractual and family relations, abuse of process, misrepresentation, bad faith, breach of fiduciary duty, breach of contract, conversion, trespass, and unjust enrichment. As the court had already dismissed those claims over which it had original jurisdiction, the court declined to exercise jurisdiction over the Maddoxes' remaining state law claims, all of which can be decided in the state court. 28 U.S.C. § 1367(c)(3); Courson v. McMillian, 939 F.2d 1479, 1498 n.34 (11th Cir. 1991) (explaining that district court may elect to dismiss pendent state law claims in absence of federal claims). Therefore, any and all such claims were due to be dismissed.

## II. *Conclusion*

The court has previously entered a separate and appropriate order in accordance with this memorandum opinion. Although the dismissal was with prejudice, it did not intend to prejudice the state court proceedings.

DONE this 2nd day of February, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE